IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02424-WYD-MEH

DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company,

    Plaintiff,

v.

JOHN DOES 1-5, 7-16, 18-20,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 9, 2014.**

    The "Motion to Vacate the Subpoena Dated September 3, 2014" [filed October 8, 2014; docket # 15], construed by the Court as a motion to quash, is **denied as moot**. By moving to quash a subpoena served upon Comcast in this case, the Defendant apparently objects to Comcast's disclosure of his/her name, address, and other identifying information to the Plaintiff, which is the same information Plaintiff requests in such subpoena. However, attached to the present motion is a Certificate of Service reflecting that the Defendant mailed the motion to the Plaintiff revealing all identifying information.

    In cases like this where defendants object to the disclosure of identifying information, but such information is disclosed, courts have found that such motions may be rendered moot by the disclosure. *See First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248 n.7 (N.D. Ill. 2011) (noting that defendants moving to quash subpoenas served on their internet service providers for their identifying information "may have very nearly rendered moot their own motions to quash" by filing the motions under their own names and addresses); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (finding that a motion to quash may be moot where a defendant seeking to protect her identity includes her name and address in the motion).

    In light of the disclosure of the information sought in the subpoena to the Plaintiff, the Court finds that any ruling on the merits of Defendant's motion to quash would have little, if any, practical effect.