IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02424-WYD-MEH

DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company,

    Plaintiff,

v.

MATTHEW DALE STUART,

    Defendant.

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

THIS MATTER is before the Court on the Plaintiff's Amended Motion for Entry of Default Judgment against Defendant Matthew Dale Stuart (ECF No. 55), filed May 10, 2015. This motion was referred to Magistrate Judge Hegarty, who issued a Recommendation of United States Magistrate Judge (ECF No. 58), filed June 4, 2015, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D.C.COLO.LCivR. 72.1.

Magistrate Judge Hegarty recommended therein that Plaintiff's Motion for Entry of Default Judgment be granted in part and denied in part. (ECF No. 58 at 1, 14.) He notes that Stuart did not answer or respond to the Amended Complaint before the deadline and that an entry of Default was issued on April 6, 2015. (*Id.* at 6-7.) He further notes that Stuart did not respond to the motion for default judgment. (*Id.* at 7.)

It is then recommended that default judgment be entered in Plaintiff's favor against

Stuart pursuant to Fed. R. Civ. P. 55(b)(2).  (ECF No. 58 at 8.)  In support of this, Magistrate Judge Hegarty finds that the Court has jurisdiction and that "taking its allegations as true, the Plaintiff has established violations of its copyrights by Stuart, in that a computer using an IP address assigned to him participated in an illegal download of Plaintiff's copyrighted Motion Picture." (*Id.* at 9.)  Thus, he "finds that Plaintiff has established that Stuart copied Plaintiff's copyright protected Motion Picture and recommends that the District Court find that Stuart has committed a direct infringement of the Copyright Act against the Plaintiff." (*Id.* at 12.)  Additionally, Magistrate Judge Hegarty finds that the Plaintiff failed to demonstrate that Stuart is liable for contributory infringement because "the Plaintiff has not established direct infringement by any other party."  (*Id.*)

As to damages, the Plaintiff seeks $6,000 from Stuart on the basis of its allegations of willful infringement.  However, Magistrate Judge Hegarty recommended that Stuart be ordered to pay Plaintiff the sum of $2,250.00 in statutory damages as authorized by 17 U.S.C. § 504(c)(1).  Additionally, Magistrate Judge Hegarty determined that $2,801.40 for attorney's fees and costs as authorized by 17 U.S.C. § 505 is appropriate.  (*Id.* at 13-14.)  Finally, Magistrate Judge Hegarty notes that "[a]lthough Plaintiff prayed for injunctive relief in its Amended Complaint, it elected not to pursue injunctive relief in its Motion for Default Judgment." (*Id.* at 13.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of a copy of the Recommendation.  Despite this advisement, no objections were filed to the Magistrate Judge's Recommendation.  No

objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation (ECF No. 58), I am satisfied that there is no clear error on the face of the record.  The Recommendation is well reasoned and persuasive.  I agree that Plaintiff should be granted default judgment against Defendant Stuart for direct copyright infringement of the Plaintiff's copyrighted Motion Picture.  I further agree with the Recommendation on damages and attorney's fees and costs. Accordingly, it is

ORDERED that Magistrate Judge Hegarty's Recommendation (ECF No. 58) is **AFFIRMED** and **ADOPTED**.   In accordance therewith, it is

ORDERED that Plaintiff's Amended Motion for Entry of Default Judgment against Defendant Matthew Dale Stuart (ECF No. 55) is **GRANTED IN PART** and **DENIED IN PART**; namely, it is granted as to the request for default judgment, damages, and

---

[2]   Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

attorney's fees and costs, and denied in part to the extent that the Defendant requests $6,000 for damages.   Therefore, it is

ORDERED that the Clerk of Court shall enter judgment in Plaintiff's favor against Defendant Stuart for direct copyright infringement of the Plaintiff's copyrighted Motion Picture, as set forth in Count I of the Amended Complaint.   It is

FURTHER ORDERED that Defendant Stuart shall pay to Plaintiff the sum of $2,250.00 in statutory damages, as authorized by 17 U.S.C. § 504(c)(1), and $2,801.40 for attorney's fees and costs as authorized by 17 U.S.C. § 505.

Dated:   September 4, 2015.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE